IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE TJX COMPANIES RETAIL SECURITIES BREACH LITIGATION | ) ) ) | |
| THIS DOCUMENT RELATES TO FINANCIAL INSTITUTIONS TRACK | ) ) ) | Master Docket No.: 07-10162-WGY |
| AMERIFIRST BANK, et al., | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| FIFTH THIRD BANCORP, et al., | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM IN SUPPORT OF FIFTH THIRD'S MOTION TO
DISMISS AMERIFIRST'S CONSOLIDATED CLASS ACTION COMPLAINT**

Dated: June 22, 2007

James R. Carroll
Nicholas I. Leitzes
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
One Beacon Street
Boston, Massachusetts  02108
Tel.:   (617) 573-4800

W. Breck Weigel
VORYS, SATER, SEYMOUR AND PEASE LLP
221 East Fourth Street,  Suite 2000
Cincinnati, Ohio  45202
Tel.:   (513) 723-4078

Robert N. Webner
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, Ohio  43215
Tel.:   (614) 464-8243

Counsel for Defendants Fifth Third Bank and
Fifth Third Bancorp

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ............................................................................................................... 1

BACKGROUND .................................................................................................................. 2

ARGUMENT ....................................................................................................................... 3

    I.     AMERIFIRST'S THIRD-PARTY BENEFICIARY CLAIM FAILS BECAUSE AMERIFIRST HAS NOT ALLEGED FACTS INDICATING THAT IT IS AN INTENDED BENEFICIARY OF FIFTH THIRD'S CONTRACTS ................................................................ 4

           A.    AmeriFirst Is Not An Intended Beneficiary Of The Merchant Agreements ................................................................................ 5

           B.    AmeriFirst Is Not An Intended Beneficiary Of Fifth Third's Agreements With Visa And MasterCard ............................................. 6

    II.    AMERIFIRST'S NEGLIGENCE CLAIM MUST BE DISMISSED PURSUANT TO THE ECONOMIC LOSS DOCTRINE ..................................... 10

    III.    AMERIFIRST'S NEGLIGENT MISREPRESENTATION CLAIM FAILS BECAUSE AMERIFIRST DOES NOT ALLEGE A COGNIZABLE REPRESENTATION OR OTHER ELEMENTS OF A NEGLIGENT MISREPRESENTATION CLAIM ................................................ 12

    IV.    AMERIFIRST'S NEGLIGENCE PER SE CLAIM FAILS DUE TO THE ECONOMIC LOSS DOCTRINE AND BECAUSE MASSACHUSETTS DOES NOT RECOGNIZE A NEGLIGENCE PER SE CLAIM ........................................................................................... 15

    V.    AMERIFIRST'S 93A CLAIM MUST BE DISMISSED BECAUSE THE COMPLAINT DOES NOT ALLEGE DECEPTIVE ACTS OR PRACTICES BY FIFTH THIRD IN MASSACHUSETTS .................................. 16

           A.    Mere Breach Of Contract Or Negligence Does Not Give Rise To A 93A Claim ...................................................................... 16

           B.    AmeriFirst Has Failed To Adequately Allege Wrongful Acts In Massachusetts .................................................................... 17

CONCLUSION .................................................................................................................... 19

CERTIFICATE OF SERVICE ........................................................................................... 19

# TABLE OF AUTHORITIES

**PAGE**

## CASES

*Aldrich v. Add Inc.*, 437 Mass. 213, 770 N.E.2d 447 (2002)................................................. 12, 18

*Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30 (1st Cir. 2001) ............................................................................................................................... 6

*Anderson v. Fox Hill Vill. Homeowners Corp.*, 424 Mass. 365, 676 N.E.2d 821 (1997) ...... 15, 16

*Aquino v. Pacesetter Adjustment Co.*, 416 F. Supp. 2d 181 (D. Mass. 2005) ............................ 20

*Beddall v. State Street Bank & Trust Co.*, 137 F.3d 12 (1st Cir. 1998)......................................... 6

*Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955 (2007).................................... 3, 4, 12

*Berish v. Bornstein*, 437 Mass. 252, 770 N.E.2d 961 (2002) ..................................................... 18

*Chemtrol Adhesives, Inc. v. American Mfrs. Mut. Ins. Co.*, 42 Ohio St. 3d 40, 537 N.E.2d 624 (1989) .................................................................................................... 13, 18

*Chitlik v. Allstate Ins. Co.*, 34 Ohio App. 2d 193, 299 N.E.2d 295 (Ohio Ct. App. 1973) ................................................................................................................................ 11

*CUMIS Ins. Soc., Inc. v. BJ's Wholesale Club, Inc.*, No. 05-1158 (Mass. Super. Ct., Dec. 1, 2005)................................................................................................................ 7, 9, 13

*Cummings v. HPG Int'l, Inc.*, 244 F.3d 16 (1st Cir. 2001) .......................................................... 15

*Daley v. Twin Disc, Inc.*, 440 F. Supp. 2d 48 (D. Mass. 2006) ................................................... 19

*Florence Urgent Care v. Healthspan, Inc.*, 445 F. Supp.2d 871 (S.D. Ohio 2006) ...................... 6

*FMR Corp. v. Boston Edison Co.*, 415 Mass. 393, 613 N.E.2d 902 (1993) ................................ 12

*Framingham Auto Sales, Inc. v. Workers' Credit Union*, 41 Mass. App. Ct. 416, 671 N.E.2d 963 (1996) ............................................................................................................. 19

*Goldstein Oil Co. v. C. K. Smith Co.*, 20 Mass. App. Ct. 243, 479 N.E.2d 728 (1985) .............. 20

*Hill v. Sonitrol of SW Ohio, Inc.*, 36 Ohio St. 3d 36 (1988) ......................................................... 5

*In re Fidelity/Apple Sec. Litig.*, 986 F. Supp. 42 (D. Mass. 1997) .............................................. 15

*In re Pharm. Indus. Avg. Wholesale Price Litig.*, 263 F. Supp. 2d 172 (D. Mass. 2003).............. 8

*Joest Vibratech v. N. Star Steel Co.*, 109 F. Supp. 2d 746 (N.D. Ohio 2000) ....................... 5, 8, 11

*Kuwaiti Danish Computer Co. v. Digital Equipment Corp.*, 438 Mass. 459, 781
 N.E.2d 787 (2003) .................................................................................................. 20, 21

*Learning Express, Inc. v. Ray-Matt Enters., Inc.*, 74 F. Supp. 2d 79 (D. Mass. 1999
 (Young, C.J.) ................................................................................................................... 13

*McDonald v. Ortho Pharm. Corp.*, 394 Mass. 131, 475 N.E.2d 65 (1985)................................. 18

*N. Am. Specialty Ins. Co. v. Lapalme*, 258 F.3d 35 (1st Cir. 2001) ............................................. 17

*Owner-Operator Independent Drivers Ass'n, Inc. v. Concord EFS, Inc.*, 59 S.W.3d 63
 (Tenn. 2001)...................................................................................................................... 10

*Pennsylvania State Employees Credit Union v. Fifth Third Bank*, 398 F. Supp. 2d 317
 (M.D. Pa. 2005) ............................................................................................................... 14

*Pennsylvania State Employees Credit Union v. Fifth Third Bank*, No. 1:CV-04-1554,
 2006 WL 1724574 (M.D. Pa. June 16, 2006).............................................................. 10

*Randleman v. Fidelity Nat'l Title Ins. Co.*, 465 F. Supp. 2d 812 (N.D. Ohio 2006) .............. 5, 6, 8

*Redgrave v. Boston Symphony Orchestra*, 557 F.Supp. 230 (D. Mass. 1983) ............................. 15

*Romanoff v. Balcom*, 4 Mass. App. Ct. 768 (1976) ...................................................................... 15

*Save the Lake v. City of Hillsboro*, 158 Ohio App. 3d 318, 815 N.E.2d 706 (Ohio Ct.
 App. 2004) ........................................................................................................................ 11

*Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976)....................................... 8

*Sovereign Bank v. BJ's Wholesale Club, Inc.*, 395 F. Supp. 2d 183 (M.D. Pa. 2005) ................. 13

*Sovereign Bank v. BJ's Wholesale Club, Inc.*, No. 1:CV-05-1150, 2006 WL 1722398
 (M.D. Pa. June 16, 2006) ................................................................................................. 9

*State ex rel. Holliday v. Marion Tp. Bd. of Trustees*, No. 9-2000-22, 2000 WL
 1420281, at *3 (Ohio App. 3d Dist. Sept. 27, 2000) ..................................................... 7

*Steiner v. Unitrode Corp.*, 834 F. Supp. 40 (D. Mass. 1993) ...................................................... 16

*Swartz v. Schering-Plough Corp.*, 53 F. Supp. 2d 95 (D. Mass. 1999) ...................................... 12

*Swenson v. Yellow Trans., Inc.*, 317 F. Supp.2d 51 (D. Mass 2004) ........................................... 19

*TRINOVA Corp. v. Pilkington Bros., PLC*, 70 Ohio St.3d 271, 683 N.E.2d 572, *order
 clarified*, 71 Ohio St.3d 1202, 640 N.E.2d 1144 (1994)................................................ 5

*Van De Velde v. Coopers & Lybrand*, 899 F. Supp. 731 (D. Mass. 1995)................................... 17

*Yo-Con, Inc. v. The Yogurt Exchange, Inc.*, 149 Ohio App. 3d 513, 778 N.E.2d 80
(2002).................................................................................................................... 15, 16

## FEDERAL STATUTES AND REGULATIONS

15 U.S.C. § 6801 ....................................................................................................... 17, 18

Fed. R. Civ. P. 12(b)(6)............................................................................................... passim

Fed. R. Civ. P. 8(a)(2).................................................................................................. 3

## OTHER AUTHORITIES

*Restatement (Second) of Contracts* § 302 .................................................................. 5, 6

## STATE STATUTES

Mass. Gen. Laws ch. 93A, § 11 .................................................................................. passim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Fifth Third Bank and Fifth Third Bancorp (collectively, "Fifth Third")[1] respectfully submit this memorandum in support of their motion to dismiss AmeriFirst's Consolidated Class Action Complaint in its entirety.

## INTRODUCTION

AmeriFirst Bank ("AmeriFirst") is an Alabama bank that has issued MasterCard debit cards. AmeriFirst claims to have incurred costs when it decided to cancel and reissue approximately 150 of those MasterCard cards after The TJX Companies, Inc. ("TJX") announced that its systems had suffered a data breach at the hands of unknown criminals.

AmeriFirst has joined other banks in these consolidated cases in asserting claims against TJX. However, in this separate action AmeriFirst brings claims against Fifth Third, an Ohio banking corporation that helped process TJX's card transactions. Through that action, AmeriFirst has broken ranks with the other banks before this Court, who are pursuing claims only against TJX and have flatly rejected the assertion of any claims against Fifth Third.

AmeriFirst asserts five claims against Fifth Third, all of which must be dismissed. Its third-party beneficiary claim (Count I), which is based on contracts between Fifth Third and TJX and between Fifth Third and Visa or MasterCard, fails because AmeriFirst has not identified any basis for concluding that it is an intended beneficiary of those contracts and because the terms of those contracts demonstrate that it is not an intended beneficiary. Its negligence claim (Count II) is barred by the economic loss doctrine because AmeriFirst seeks recovery solely for claimed financial losses. The economic loss doctrine also bars AmeriFirst's negligence *per se* claim

---

[1] AmeriFirst has named Fifth Third Bank's parent corporation, Fifth Third Bancorp, as a defendant even though it is not involved in acquiring or processing TJX credit and debit card transactions. However, Fifth Third Bank is the processing agent. *See* Bank Card Merchant Agreements, Ex. A, at 1 & Ex. B, at 1 (attached hereto).

(Count IV), and in any event, Massachusetts does not recognize a cause of action for negligence *per se*. The negligent misrepresentation claim (Count III) fails because AmeriFirst's allegations are merely a restatement of its contract claim, and the Complaint fails to allege facts that satisfy essential elements of that claim. Finally, its claim under Mass. Gen. Laws ch. 93A, § 11 must be rejected because it cannot establish any "unfair or deceptive acts or practices" by Fifth Third that occurred "primarily and substantially within the Commonwealth of Massachusetts."

<strong><u>BACKGROUND</u></strong>

AmeriFirst is a bank with its principal place of business in Alabama. *See* Consol. Cmplt. ¶ 9. It alleges that it is an "issuing bank" in the MasterCard system and has an agreement with MasterCard that allows AmeriFirst to issue MasterCard debit cards to its customers. *Id.* ¶¶ 12, 14, 15. Fifth Third is an Ohio banking corporation with its principal place of business in Ohio. *Id.* ¶ 10. AmeriFirst alleges that Fifth Third is an "acquiring bank" in the MasterCard systems, pursuant to contracts with MasterCard and Visa that allow Fifth Third to process card transactions for merchants, and that Fifth Third has a separate agreement with TJX to act as its acquiring bank. *Id.* ¶¶ 10, 12, 21-22. AmeriFirst is not a party to Fifth Third's contracts with MasterCard or Visa, nor is it a party to Fifth Third's contract with TJX. *Id.* ¶ 70.

AmeriFirst alleges that TJX failed to properly safeguard data from credit and debit cards used by customers at its stores and that unknown criminals obtained access to the data by hacking into TJX's computer systems. Consol. Cmplt. ¶¶ 1-2, 29-41. AmeriFirst also contends that Fifth Third's contracts with MasterCard and TJX require that Fifth Third and TJX comply with MasterCard's operating regulations and that the regulations obligated Fifth Third to ensure that TJX complied with certain card data security standards. *Id.* ¶¶ 21-22, 42-53.

AmeriFirst seeks to recover from Fifth Third only for its claimed financial losses, such as the cost of its decision to replace the debit cards it issued that potentially were compromised by the TJX data breach.  Consol. Cmplt. ¶¶ 4, 57-62 & Prayer for Relief, ¶ 3.

AmeriFirst initially filed a Complaint against TJX, Fifth Third, and other defendants. After this Court consolidated AmeriFirst's claims with other actions related to the TJX data breach, AmeriFirst and other banking entities filed a Complaint asserting claims against TJX. *See* doc. #38, May 9, 2007; doc. #81, May 23, 2007.  The other banking entities "overwhelmingly determined not to commence an action against Fifth Third Bank," based in part upon the fact that courts have uniformly refused to hold acquiring banks liable to issuing banks for financial losses caused by a merchant's failure to safeguard magnetic stripe data. *See* doc. #41, at 1, 3.  AmeriFirst nevertheless filed its own, separate Complaint asserting claims against only Fifth Third Bank and Fifth Third Bancorp and not against TJX. *See* doc. #82.

## ARGUMENT

The Supreme Court recently addressed the proper standard to be applied to Rule 12(b)(6) motions in *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955 (2007), and emphasized that plaintiffs must plead more than legal conclusions:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" [pursuant to F.R. Civ. P. 8(a)(2)] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

127 S.Ct. at 1964-65.  In short, plaintiffs' pleadings must make "a 'showing', rather than a blanket assertion, of entitlement to relief, " and "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965 & n. 3.

AmeriFirst relies wholly on the kind of conclusory allegations that the *Twombly* Court has ruled are insufficient to survive a Rule 12(b)(6) motion. For that reason, among others, all of AmeriFirst's claims against Fifth Third should be dismissed.

**I.    AMERIFIRST'S THIRD-PARTY BENEFICIARY CLAIM FAILS BECAUSE AMERIFIRST HAS NOT ALLEGED FACTS INDICATING THAT IT IS AN INTENDED BENEFICIARY OF FIFTH THIRD'S CONTRACTS.**

Count One of the Complaint alleges, in conclusory fashion, that AmeriFirst is a "third party beneficiary" of "contracts and/or agreements between TJX and Fifth Third and between Fifth Third and Visa and MasterCard" that "incorporated . . . [Visa and MasterCard] Operating Regulations." Consol. Cmplt. ¶¶ 70-73. Notably, AmeriFirst does not identify <u>any</u> provisions of Fifth Third's contracts, or the card regulations, that indicate that AmeriFirst is a third-party beneficiary, or allege any other facts supporting its claim that it should be able to sue Fifth Third, <u>on a contract claim,</u> under Fifth Third's agreements with MasterCard or TJX or the MasterCard regulations. In short, AmeriFirst's cursory third-party beneficiary claim does not include <u>factual</u> allegations that support AmeriFirst's legal conclusion, and therefore its third-party beneficiary cause of action fails to state a claim. *See Twombly*, 127 S.Ct. at 1964-65.

As a matter of law, AmeriFirst has no legally enforceable rights under Fifth Third's contracts with other parties unless it is an "intended beneficiary" of those contracts. *See TRINOVA Corp. v. Pilkington Bros., P.L.C.*, 70 Ohio St. 3d 271, 277, 683 N.E.2d 572, 577, *order clarified*, 71 Ohio St. 3d 1202, 640 N.E.2d 1144 (1994).[2] A plaintiff who is merely an

---

[2] The contracts between Fifth Third and TJX are governed by Ohio law. *See* Bank Card Merchant Agreements, Ex. A, ¶ 24 & Ex. B, ¶ 23. Because the Consolidated Complaint expressly refers to these agreements and relies upon their terms to assert a third-party beneficiary breach of contract claim, they are incorporated by reference into the Consolidated Complaint and may be considered by the Court in deciding Fifth Third's motion to dismiss without converting it into a motion for summary judgment. *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 34 (1st Cir. 2001); *Beddall v. State Street Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998).

"incidental beneficiary" cannot recover damages for breach of contract. *Id.* at 278, 638 N.E.2d at 577. Ohio law requires that "the contract must have been entered into directly or primarily for the benefit of" the third party. *See Randleman v. Fidelity Nat'l Title Ins. Co.*, 465 F. Supp. 2d 812, 818 (N.D. Ohio 2006) (dismissing claim on a motion to dismiss). Furthermore, the intent to benefit the third party must be "clear." *Joest Vibratech v. N. Star Steel Co.*, 109 F. Supp. 2d 746, 749 (N.D. Ohio 2000) (citing *Hill v. Sonitrol of SW Ohio, Inc.*, 36 Ohio St. 3d 36, 40 (1988)).

Ohio courts have adopted *Restatement (Second) of Contracts* § 302 to identify the narrow group of "intended beneficiaries" who have enforceable third-party rights under contracts. *See Hill*, 36 Ohio St. 3d at 40, 521 N.E.2d at 784. Under the *Restatement*, a third party is an intended beneficiary of a contract if (1) recognition of the third party's alleged rights under the contract must be "appropriate to effectuate the intention of the parties" to the contract, and (2) performance of the contract must "satisfy an obligation of the promisee to pay money to the beneficiary" or "the circumstances [must] indicate that the promisee intends to give the beneficiary the benefit of the promised performance." *Restatement* § 302; *see also Randelman*, 465 F. Supp. 2d at 818 (noting that Ohio law requires "[t]he performance of the promise benefiting the beneficiary must also satisfy a duty owed by the promisee to the beneficiary").

## A.    AmeriFirst Is Not An Intended Beneficiary Of The Merchant Agreements.

Here, the contracts and documents upon which AmeriFirst relies themselves establish that AmeriFirst is not an "intended beneficiary" of those contracts. In fact, the merchant agreements between TJX and Fifth Third specifically state that the contracting parties did <u>not</u> intend to bestow third-party beneficiary rights on non-parties to the contracts. The debit card and credit card merchant agreements contain identical language:

> This Agreement is for the benefit of, and may be enforced only by, Bank [Fifth Third] and Merchant [TJX] and their respective successors and permitted

transferees and assignees, and <u>is not for the benefit of, and may not be enforced by, any third party</u>.

Bank Card Merchant Agreement: Debit Card Transactions, Ex. B, ¶ 16; Bank Card Merchant Agreement: Credit Card Transactions, Ex. A, ¶ 17 (emphasis added.)

Ohio courts routinely enforce contract provisions that disclaim any intention by the contracting parties to create third-party beneficiary rights. *See, e.g., Florence Urgent Care v. Healthspan, Inc.*, 445 F. Supp.2d 871, 879 (S.D. Ohio 2006); *State ex rel. Holliday v. Marion Tp. Bd. of Trustees*, No. 9-2000-22, 2000 WL 1420281, at *3 (Ohio App. 3d Dist. Sept. 27, 2000) ("It is clear from the plain language of the agreement that the appellee was not an intended third-party beneficiary of the union contract. Not only did the Board not intend to benefit the appellee, they specifically *excluded* him from receiving benefits under the contract.") (emphasis in original). In addition, in *CUMIS Ins. Soc., Inc. v. BJ's Wholesale Club, Inc.*, No. 05-1158, *slip op.* at 4 (Mass. Super. Ct., Dec. 1, 2005) (attached hereto as Ex. C), Judge Quinlan, applying Ohio law, recently dismissed identical third-party beneficiary claims by issuing banks, noting that "the parties expressly stated in the contract at issue their intent to preclude any third party beneficiary claims. When parties articulate such a clear and unambiguous intent, that intent is controlling." *Id.* Because the contracts between Fifth Third and TJX include similarly clear and unambiguous language precluding third party beneficiary claims, AmeriFirst cannot assert a claim under those contracts.

**B.**     <u>AmeriFirst Is Not An Intended Beneficiary Of Fifth Third's Agreements With Visa And MasterCard.</u>

AmeriFirst has also failed to state a cognizable third-party beneficiary claim arising from Fifth Third's contracts with Visa and MasterCard. As an initial matter, AmeriFirst alleges only

that it "issues MasterCard debit cards," Consol. Cmplt. ¶ 15, and it offers no basis for concluding

that Visa and Fifth Third intended their contract to benefit entities who do <u>not</u> issue Visa cards.[3]

As to MasterCard, AmeriFirst makes only the conclusory allegation that it is a third-party

beneficiary of the Fifth Third and MasterCard contract, which "uniformly incorporated the Card

Operating Regulations."   Consol. Cmplt. ¶ 70.[4]   However, AmeriFirst makes no factual

allegation that the MasterCard regulations reflect any "clear" intent that issuing banks were to be

"direct and primary" beneficiaries of the <u>contract</u> between Fifth Third and MasterCard.   *See*

*Randelman,* 465 F. Supp. 2d at 818.

Although AmeriFirst is an issuing bank for MasterCard and therefore has full access to

MasterCard regulations, it does not cite <u>any</u> regulation or provision that purportedly evinces the

intent that is an essential element of a third-party beneficiary claim.  AmeriFirst alleges only that

the regulations obligated Fifth Third to adequately safeguard card information, Consol. Cmplt.

¶ 70, and that allegation obviously says nothing about whether the <u>contract</u> between MasterCard

and Fifth Third was directly intended to benefit issuing banks or to allow such banks to sue for

claimed breach of that contract.   Indeed, Ohio courts have specifically held there was no third

party beneficiary status where the contract focuses on "protecting the interests of the

---

[3]  The fact that AmeriFirst brings this case as a putative class action does not change this result. AmeriFirst's individual claim is all that is before this Court, and it cannot rely on claimed injuries to putative class members as the basis for its individual claims.  *See Simon v. Eastern Ky. Welfare Rights Org.,* 426 U.S. 26, 40 n.20 (1976) (noting that named plaintiffs must assert individual standing to pursue a claim, and cannot rely on the injuries of the class); *In re Pharm. Indus. Avg. Wholesale Price Litig.,* 263 F. Supp. 2d 172, 193 (D. Mass. 2003) (dismissing pharmaceutical companies where no named plaintiff claimed to have purchased a drug and been injured thereby by an inflated price).

[4] Fifth Third has been unable to locate its membership agreement with MasterCard; for purposes of this motion, it assumes the truth of AmeriFirst's allegation that the agreement with MasterCard obligated Fifth Third to comply with MasterCard operating regulations.

signatories," and contains no language suggesting an intent to benefit any third-party. *See Joest Vibratech, Inc.*, 109 F. Supp. at 750.

Moreover, the structure of the MasterCard Bylaws and Rules is inconsistent with any finding that Fifth Third and MasterCard intended to allow issuing banks to enforce rights under the <u>contract</u> between Fifth Third and MasterCard. The MasterCard Bylaws and Rules establish extensive administrative procedures, processes, and potential remedies relating to, among many other matters, the mechanism by which an issuing bank may seek recovery from an acquiring bank for claimed losses relating to a data breach incident. *See* MasterCard Bylaws and Rules at 1-2 (describing Standards), Ex. D (attached hereto); *id.* at 3-11 to 3-12 (describing dispute resolution procedures between issuers and acquirers), Ex. E (attached hereto). For example, in a compliance case where an issuing bank seeks recovery due to an "account data compromise," the issuer must establish by "clear and convincing evidence that the frauds resulted from a rules violation." MasterCard Charge Back Guide at 5-16 to 5-17, Ex. F (attached hereto). The specific and extensive processes and procedures created by the regulations belie any argument that MasterCard or Fifth Third intended to allow an issuing bank to invoke the contract between Fifth Third and MasterCard, bring a direct action for claimed breach of that contract, and thereby avoid the processes and procedures carefully set forth in the MasterCard regulations.

Other courts specifically recognize that issuing banks are not intended third-party beneficiaries to Fifth Third's membership agreements with card associations like Visa and MasterCard. Indeed, the other banking entities in these consolidated cases have acknowledged, "[a]fter a thorough review," that "every reported decision in the United States in litigation involving BJ's and Fifth Third has rejected this [third-party beneficiary] theory." *See* doc. #41, at 3. For example, in *CUMIS*, Judge Quinlan determined under Ohio law that Fifth Third could

not be liable to issuing banks for losses caused by a data breach pursuant to third-party beneficiary claims under MasterCard's operating regulations. *CUMIS Ins. Soc., Inc.*, No. Civ. 05-1158, *slip op.* at 2-5. Similarly, in *Sovereign Bank v. BJ's Wholesale Club, Inc.*, No. 1:CV-05-1150, 2006 WL 1722398 (M.D. Pa. June 16, 2006), the District Court considered the membership agreement between Fifth Third and Visa, and the concomitant Visa Operating Regulations. That court held that an issuing bank could not assert a third-party beneficiary claim against Fifth Third, since the membership agreement did <u>not</u> bestow third-party beneficiary rights on issuing banks:

> [W]e must agree with Fifth Third that Visa did not intend Sovereign [the issuing bank] to be a third-party beneficiary of Visa's member agreement with Fifth Third . . . . [T]he ban [on retaining magnetic stripe data] is intended to protect the [credit card] system, not individual entities that may be involved in it . . . . Sovereign is at most an incidental beneficiary of the agreement between Visa and Fifth Third, and an incidental beneficiary has no right to enforce a contract.

*Id.* at * 11. The Court in *Pennsylvania State Employees Credit Union v. Fifth Third Bank*, No. 1:CV-04-1554, 2006 WL 1724574 (M.D. Pa. June 16, 2006), reached the same conclusion, and Fifth Third is unaware of any authority from any jurisdiction that has held that issuing banks are intended third-party beneficiaries of membership agreements between credit card companies and acquiring banks. *See also Owner-Operator Independent Drivers Ass'n, Inc. v. Concord EFS, Inc.*, 59 S.W.3d 63, 73 (Tenn. 2001) (noting that Visa and MasterCard regulations relating to surcharge provisions could not be asserted by third-parties, since such provisions were meant to benefit the card systems as a whole, and third-party enforcement would interfere with the complicated dispute resolution system of the regulations).

Finally, this claim must be dismissed because AmeriFirst seeks to assert third-party beneficiary rights on behalf of a class of "thousands" of issuing banks. Consol. Cmplt. ¶ 65. Although Ohio does not require that a purported third-party beneficiary be named in the contract,

the third party should be "contemplated by the parties to the contract and sufficiently identified." *See Chitlik v. Allstate Ins. Co.*, 34 Ohio App. 2d 193, 196, 299 N.E.2d 295, 297 (Ohio Ct. App. 1973); *Joest Vibratech, Inc.*, 109 F. Supp. 2d at 750. Accordingly, Ohio courts have noted that where claimed third-party beneficiaries are simply "the public at large," such persons are generally incidental beneficiaries, not third-party beneficiaries. *See Save the Lake v. City of Hillsboro*, 158 Ohio App. 3d 318, 815 N.E.2d 706, 711 (Ohio Ct. App. 2004). Here, AmeriFirst claims that third-party rights arise from general security procedures relating to magnetic stripe data described in the Card Operating Regulations, and those procedures creates no discernable distinction between issuing banks, cardholders, or indeed, any person or entity with a stake in the massive credit card and debit card transaction system. There is no basis whatsoever for asserting that MasterCard and Fifth Third intended to afford third-party contract rights to every individual or entity which has an interest in credit or debit card data security.

In short, AmeriFirst's Complaint offers only bare conclusory statements, unsupported by any cognizable factual allegations that support the claim that AmeriFirst may sue Fifth Third on its contracts with TJX or with MasterCard. Moreover, the language and structure of the documents on which AmeriFirst bases its claim refute any allegation that AmeriFirst was an intended third-party beneficiary. For those reasons, AmeriFirst's third-party beneficiary claim should be dismissed pursuant to Rule 12(b)(6). *See Twombly*, 127 S.Ct. at 1964-65.

## II.   AMERIFIRST'S NEGLIGENCE CLAIM MUST BE DISMISSED PURSUANT TO THE ECONOMIC LOSS DOCTRINE.

Count II of AmeriFirst's Complaint alleges that Fifth Third "owed a duty" of due care to "protect [AmeriFirst] from theft" of financial data from TJX, and that Fifth Third "breached this duty by failing to exercise reasonable care in safeguarding such information." Consol. Cmplt.

¶¶ 75, 77.  Significantly, AmeriFirst alleges that Fifth Third's purported negligence caused only purely financial losses.  Consol. Cmplt. ¶¶ 4, 57-62 & Prayer for Relief, ¶ 3.

Because AmeriFirst seeks to recover only for purely economic losses, its negligence claim is barred by the economic loss doctrine as a matter of law.[5]  *See Aldrich v. ADD Inc.*, 437 Mass. 213, 222, 770 N.E.2d 447, 454 (2002):

> It has been a long-standing rule in this Commonwealth, in accordance with the majority of jurisdictions that have considered this issue, that "purely economic losses are unrecoverable in tort and strict liability actions in the absence of personal injury or property damage."

(quoting *FMR Corp. v. Boston Edison Co.*, 415 Mass. 393, 395, 613 N.E.2d 902 (1993)).  *See also Swartz v. Schering-Plough Corp.*, 53 F. Supp. 2d 95, 104 (D. Mass. 1999) (Young, C.J.) (negligence claims are barred in the absence of injury to person or tangible property); *Learning Express, Inc. v. Ray-Matt Enters., Inc.*, 74 F. Supp. 2d 79, 87 (D. Mass. 1999 (Young, C.J.) (same); *Chemtrol Adhesives, Inc. v. American Mfrs. Mut. Ins. Co.*, 42 Ohio St. 3d 40, 44, 537 N.E.2d 624, 630 (1989) ("[A] plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable.") (quotation omitted).

AmeriFirst's alleged damages in this case are precisely the type of purely financial losses that fall within the prohibition of the economic loss doctrine.  Superior Court Judge Quinlan recently considered identical claims against Fifth Third by other issuing banks following a security breach involving a different merchant and concluded that they are barred by this rule.  In *CUMIS,* the plaintiff issuing banks sought damages for financial expenses they incurred after the merchant failed to safeguard magnetic stripe data from its customers' credit and debit cards, and the data was accessed, copied, and used for fraudulent purchases:

---

[5] As AmeriFirst makes no specific allegations regarding choice of law, this motion assumes without conceding that Massachusetts law applies to AmeriFirst's various negligence claims.

> Counts VI and VII [allege] that Fifth Third was negligent in failing to ensure BJ's complied with the Card Operating Regulations which prohibit merchants from retaining information from the credit card's magnetic stripe.
>
> *     *     *
>
> The negligence alleged . . . did not result in any personal injury or damage to property.   The negligence alleged resulted in purely economic losses. Consequently, the claims are barred by the economic loss doctrine.

*CUMIS Ins. Soc., Inc.*, No. Civ. 05-1158, *slip op.* at 8-9.   *See also Sovereign Bank v. BJ's Wholesale Club, Inc.*, 395 F. Supp. 2d 183, 204-05 (M.D. Pa. 2005) (holding that a negligence claim by an issuing bank against Fifth Third for failing to ensure that the merchant did not retain magnetic stripe data was barred by the economic loss doctrine); *Pennsylvania State Employees Credit Union v. Fifth Third Bank*, 398 F. Supp. 2d 317, 326-30 (M.D. Pa. 2005) (same).

The economic loss doctrine applies to the same claims made by AmeriFirst in the present case.   In the absence of any factual allegations of physical injury or property damage, AmeriFirst's negligence cause of action fails to state a claim upon which relief can be granted, and Count II accordingly should be dismissed as a matter of law.

## III.   AMERIFIRST'S NEGLIGENT MISREPRESENTATION CLAIM FAILS BECAUSE AMERIFIRST DOES NOT ALLEGE A COGNIZABLE REPRESENTATION OR OTHER ELEMENTS OF A NEGLIGENT MISREPRESENTATION CLAIM.

AmeriFirst next alleges that Fifth Third negligently misrepresented it "would comply with the [Visa and MasterCard] Card Operating Regulations" by entering into membership contracts with Visa and MasterCard, by "participating in [their] networks," and by listing itself as a "participating organization" on the PCI Security Standards Council's web site.   Consol. Cmplt. ¶ 80.   It is not alleged, however, that any of these alleged misrepresentations were made directly to AmeriFirst, as AmeriFirst and Fifth Third had no direct interaction, transaction, or communication.   Nonetheless, AmeriFirst asserts that Fifth Third "did not live up to" its asserted representation and breached its contract, and contends that such circumstances give rise to a

-12-

negligent misrepresentation claim. *Id.* ¶¶ 82-85. Those allegations are simply a thinly veiled restatement of AmeriFirst's breach of contract claim and fail to state a claim for a series of reasons.

First, AmeriFirst's "negligent misrepresentation" claim is legally insufficient for the simple reason that "mere opinions, predictions about future events, and statements that are true when made, are not actionable as misrepresentations under Massachusetts law." *In re Fidelity/Apple Sec. Litig.*, 986 F. Supp. 42, 49 (D. Mass. 1997). Rather, "only statements of fact are actionable" as negligent misrepresentations. *Cummings v. HPG Int'l, Inc.*, 244 F.3d 16, 21 (1st Cir. 2001) (applying Massachusetts law). Indeed, "[A] *representation concerning a future event . . . is more in the nature of a promise or contract*" and is not actionable because it "*constitutes mere predictions or opinions* about what the future may bring." *Yo-Con, Inc. v. The Yogurt Exchange, Inc.*, 149 Ohio App. 3d 513, 525, 778 N.E.2d 80, 89 (2002) (emphasis added). Consistent with this principle, Massachusetts courts have previously held that there can be no cause of action for negligent misrepresentation where the contractual obligation allegedly breached exists prior to the misrepresentation. *See Romanoff v. Balcom*, 4 Mass. App. Ct. 768, 769 (1976).

Similarly, the "duty" invoked by AmeriFirst, *see* Consol. Cmplt. ¶ 82, cannot be based on Fifth Third's alleged contractual duty to comply with Visa and MasterCard operating regulations because Fifth Third owes no third-party contractual duties to AmeriFirst, as set forth above. Moreover, even if a contract duty existed, "a breach of a contract is not, standing alone, a tort." *Anderson v. Fox Hill Vill. Homeowners Corp.*, 424 Mass. 365, 368, 676 N.E.2d 821, 823 (1997) (quoting *Redgrave v. Boston Symphony Orchestra*, 557 F. Supp. 230, 238 (D. Mass. 1983)). The *Anderson* Court specifically rejected the contention "that tort liability exists solely because the

-13-

defendant did not perform a contractual duty." *Id.* It emphasized that "failure to perform a contractual obligation is not a tort in the absence of a duty to act apart from the promise made in the contract." *Id.*

Here, Fifth Third's contractual obligation to comply with MasterCard regulations is simply a statement "in the nature of a promise or contract" and Fifth Third's claimed "failure to perform a contractual obligation" therefore cannot be the tort of negligent misrepresentation. *Anderson*, 424 Mass. at 368, 676 N.E.2d at 823, *Yo-Con, Inc.*, 149 Ohio App. 3d at 525, 778 N.E.2d at 89. Fifth Third's agreement to specified contract terms are <u>not</u> misrepresentations of presently existing facts and, thus, are not actionable on a claim for negligent misrepresentation. Fifth Third's contractual agreement necessarily predated the TJX data breach, and there is no factual allegation in the Complaint that indicates that Fifth Third's agreement was anything other than "true when made." Indeed, AmeriFirst's allegation that Fifth Third "did not live up to [its] representations," Consol. Cmplt. ¶ 82, confirms that AmeriFirst is improperly trying to base a negligent misrepresentation claim on a contractual promise as to future actions. However, the fact that TJX later was victimized by a criminal data breach cannot retroactively convert Fifth Third's contractual undertakings into falsehoods that give rise to a negligent misrepresentation claim.

Furthermore, Massachusetts courts routinely note that negligent misrepresentation is only available where there is "privity between the parties; absent such privity, the plaintiff must prove that the defendant had actual knowledge of plaintiff's reliance." *Steiner v. Unitrode Corp.*, 834 F. Supp. 40, 46 (D. Mass. 1993) (dismissing negligent misrepresentation claim on motion to dismiss); *Van De Velde v. Coopers & Lybrand*, 899 F. Supp. 731, 739 (D. Mass. 1995) (same);

*see also N. Am. Specialty Ins. Co. v. Lapalme*, 258 F.3d 35, 38-39 (1st Cir. 2001) (noting Massachusetts' "actual knowledge" requirements for negligent misrepresentation).

Here, AmeriFirst does not allege that it was in privity with Fifth Third. Accordingly, AmeriFirst is required to allege that Fifth Third had "actual knowledge" of reliance on the misrepresentations. However, nowhere does AmeriFirst allege facts indicating that Fifth Third had "actual knowledge" of AmeriFirst's purported reliance on any representations by Fifth Third. For that reason as well, AmeriFirst's negligent misrepresentation claim must be dismissed. *See Van De Velde*, 899 F. Supp. at 739 (summarily dismissing on a Rule 12(b)(6) motion negligent misrepresentation claim where neither privity nor actual knowledge by defendant of reliance by plaintiff are pleaded).

## IV.    AMERIFIRST'S NEGLIGENCE PER SE CLAIM FAILS DUE TO THE ECONOMIC LOSS DOCTRINE AND BECAUSE MASSACHUSETTS DOES NOT RECOGNIZE A NEGLIGENCE PER SE CLAIM.

In Count IV, AmeriFirst alleges that Fifth Third is liable under a negligence *per se* theory of recovery because it purportedly violated a claimed statutory obligation under the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, *et seq.*, to maintain the privacy of its customers' nonpublic personal information and a contractual obligation to comply with Visa and MasterCard operating regulations that "prohibit . . . storage of unprotected credit and/or debit card information." Consol. Cmplt. ¶¶ 87, 91, 92. That claim fails for two obvious reasons.

First, AmeriFirst's negligence *per se* claim is precluded by the economic loss doctrine. As noted above, a plaintiff cannot recover damages in tort for purely economic losses in the absence of any injury to person or tangible personal property, and no such injury is alleged in this case. *See Aldrich, supra,* 437 Mass. at 222, 770 N.E.2d at 454; *Chemtrol Adhesives, supra,* 42 Ohio St. 3d at 44, 537 N.E.2d at 630. Second, Massachusetts law does not recognize a cause of action for negligence *per se*. *Berish v. Bornstein*, 437 Mass. 252, 273, 770 N.E.2d 961

(2002); *MacDonald v. Ortho Pharm. Corp.*, 394 Mass. 131, 139-140, 475 N.E.2d 65 (1985).

Accordingly, to the extent that it is governed by Massachusetts law, AmeriFirst's negligence *per se* claim fails as a matter of law.

## V. AMERIFIRST'S 93A CLAIM MUST BE DISMISSED BECAUSE THE COMPLAINT DOES NOT ALLEGE DECEPTIVE ACTS OR PRACTICES BY FIFTH THIRD IN MASSACHUSETTS.

AmeriFirst finally alleges that Fifth Third is liable for "deceptive acts and practices" that "violate M.G.L. c. 93A § 11." Consol. Cmplt. ¶ 97. Notably, there is no allegation that AmeriFirst's claim relates to any direct interaction, transaction, or communication between Fifth Third and AmeriFirst. Instead, according to AmeriFirst, Fifth Third's alleged "unfair or deceptive acts or practices" consist of its "failure to ensure that TJX provided adequate security and/or protection for its computer systems," its claimed "misrepresentation" that it would comply with Visa and MasterCard operating regulations, and its purported "violations of the Graham-Leach-Bliley Act." *Id.* ¶¶ 96-98.

### A. Mere Breach Of Contract Or Negligence Does Not Give Rise To A 93A Claim.

AmeriFirst's factual allegations fail to state a claim under 93A § 11 for several reasons. First, Fifth Third's alleged "deceptive acts and practices" are nothing more than its purported breaches of its agreements with Visa and MasterCard – as opposed to any direct communication or interaction with AmeriFirst. Moreover, even if there were an agreement between Fifth Third and AmeriFirst and Fifth Third had breached that agreement, it is well settled that a breach of a contractual promise does not convert the promise into a false representation and does not support a claim under Chapter 93A. *See Framingham Auto Sales, Inc. v. Workers' Credit Union*, 41 Mass. App. Ct. 416, 418, 671 N.E.2d 963 (1996) ("[A] mere breach of a legal obligation under commercial law, without more, does not amount to an unfair or deceptive act under G.L.

-16-

c. 93A."). *See also Daley v. Twin Disc, Inc.*, 440 F. Supp. 2d 48, 53 (D. Mass. 2006) (dismissing Chapter 93A claims where, as in the present case, "plaintiffs accuse defendants of making representations that turned out to be false, but they have nowhere charged defendants with willfully deceiving them . . . or even of intending to breach the contract").

Furthermore, "mere negligence is insufficient to state a claim under ch. 93A." *Swenson v. Yellow Trans., Inc.*, 317 F. Supp. 2d 51, 54 (D. Mass 2004). *See also Aquino v. Pacesetter Adjustment Co.*, 416 F. Supp. 2d 181, 192 (D. Mass. 2005). AmeriFirst therefore cannot assert a 93A claim based on Fifth Third's alleged negligent failure to "live up to" promises it purportedly made in contracts with parties other than AmeriFirst.

### B. AmeriFirst Has Failed To Adequately Allege Wrongful Acts In Massachusetts.

Even if AmeriFirst had identified cognizable instances of "unfair or deceptive acts or practices" by Fifth Third, the factual allegations of its Complaint do not show that those acts or practices occurred "primarily and substantially within the Commonwealth of Massachusetts," as is required by c. 93A § 11. Under the express language of the statute, a Chapter 93A claim cannot be maintained when the defendant's conduct occurred mostly in other jurisdictions. *Kuwaiti Danish Computer Co. v. Digital Equipment Corp.*, 438 Mass. 459, 474-75, 781 N.E.2d 787 (2003). It is not sufficient that a plaintiff sustained injury in Massachusetts as a result of the deceptive trade practices. *Goldstein Oil Co. v. C. K. Smith Co.*, 20 Mass. App. Ct. 243, 479 N.E.2d 728 (1985).[6]

In the present case, AmeriFirst pleads only the legal conclusion that "the unfair or deceptive acts or practices . . . occurred primarily and substantially within the Commonwealth of Massachusetts." Consol. Cmplt. ¶ 97. There are no supporting factual allegations of any kind

---

[6] *Goldstein Oil Co.* was abrogated on other grounds by *Kuwaiti Danish Computer Co.*, 438 Mass. 459.

for this conclusion, and it is not enough for AmeriFirst merely to quote the language of the statute. *See Twombly*, 127 S.Ct. at 1964-65 ("[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegation," it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

The <u>factual</u> allegations of the Complaint assert only that AmeriFirst is an Alabama corporation headquartered in Alabama that apparently reissued certain debit cards in Alabama, that Fifth Third is an Ohio banking corporation headquartered in Ohio, and that TJX is headquartered in Massachusetts. *See* Consol. Cmplt. ¶¶ 9, 10, 57, 96. The fact that TJX experienced a data breach, *id.* ¶ 96, simply does not establish that Fifth Third, the only defendant in this action, engaged in deceptive practices that occurred "primarily and substantially" in Massachusetts — particularly when the deceptive practices are alleged by an Alabama bank that has no apparent connection with Massachusetts and the purported deceptive practices involve Fifth Third's contractual agreements with non-parties that also are not centered in Massachusetts. Clearly, "the center of gravity of the circumstances that gave rise to the [93A] claims" in this case is *not* "primarily and substantially" within the Commonwealth of Massachusetts, *Kuwaiti Danish Computer Co., supra*, 438 Mass. at 473, 781 N.E.2d at 787, and AmeriFirst therefore fails to state a claim under Chapter 93A upon which relief can be granted.[7]

---

[7] AmeriFirst apparently foresaw this outcome, because its Complaint asserts that "[i]f the Court holds that M.G.L. c. 93A does not apply to Defendants' conduct, Plaintiff further asserts claims under all other applicable states' laws." Consol. Cmplt. ¶ 101. Fifth Third is not required to guess as to which states' laws AmeriFirst thinks may be "applicable." Because its 93A claim fails, AmeriFirst's Count V must be dismissed.

## CONCLUSION

For all of the foregoing reasons, Fifth Third respectfully requests AmeriFirst's

Consolidated Complaint be dismissed with prejudice by this Court pursuant to Fed. R. Civ. P.

12(b)(6).

Dated:  June 22, 2007                                    Respectfully submitted,
        Boston, Massachusetts


                                                         /s/ James R. Carroll
                                                         James R. Carroll (BBO #554426)
                                                         Nicholas I. Leitzes (admitted pro hac vice)
                                                         SKADDEN, ARPS, SLATE,
                                                             MEAGHER & FLOM LLP
                                                         One Beacon Street
                                                         Boston, Massachusetts 02108
                                                         (617) 573-4800
                                                         jcarroll@skadden.com

                                                         W. Breck Weigel (admitted pro hac vice)
                                                         VORYS, SATER, SEYMOUR AND PEASE LLP
                                                         221 East Fourth Street, Suite 2000
                                                         Cincinnati, Ohio 45202
                                                         (513) 723-4078

                                                         Robert N. Webner (admitted pro hac vice)
                                                         VORYS, SATER, SEYMOUR AND PEASE LLP
                                                         52 East Gay Street
                                                         Columbus, Ohio 43215
                                                         (614) 464-8243

                                                         Counsel for Defendants Fifth Third Bank and
                                                         Fifth Third Bancorp

## CERTIFICATE OF SERVICE

I, James R. Carroll, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 22, 2007.

Dated: June 22, 2007

                                                         /s/ James R. Carroll
                                                         James R. Carroll