# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE TJX COMPANIES RETAIL SECURITY BREACH LITIGATION (including cases transferred pursuant to: THE TJX COMPANIES, INC., CUSTOMER DATA SECURITY BREACH LITIGATION) | MASTER DOCKET Civil Action No. 07-10162 (Lead Case) <br><br> MDL Docket No. 1838 |
| THIS DOCUMENT RELATES TO: CONSUMER TRACK ACTIONS | |

## [PROPOSED] JUDGMENT

WHEREAS, Representative Plaintiffs and the defendants The TJX Companies, Inc. ("TJX") and Fifth Third Bancorp ("Fifth Third") entered into an Amended Settlement Agreement dated November 14, 2007 (the "Settlement Agreement");

WHEREAS, on January 9, 2008, the Court entered Order of Preliminary Approval and Publishing of Notice of Final Fairness Hearing ("Preliminary Approval Order") that, among other things, (a) certified, pursuant to Fed. R. Civ. P. 23, a Class for the purposes of settlement only; (b) approved the form of notice to Settlement Class Members, and the method of dissemination thereof; (c) directed that appropriate notice of the settlement be given to the Settlement Class; and (d) set a hearing date for final approval of the settlement;

WHEREAS, the notice to the Settlement Class ordered by the Court in its Preliminary Approval Order has been provided, as attested to in the Affidavit of Gina M. Intrepido, filed with the Court on July 3, 2008;

WHEREAS, the governmental notice required by the Class Action Fairness Act, 28 U.S.C. § 1715, has been provided, as attested to in the Affidavit of Mark P. Szpak and in the

Affidavit of Nicholas I. Leitzes, filed with the Court on July 2, 2008, and July 3, 2008, respectively; and

WHEREAS, on July 15, 2008, a hearing was held on whether the settlement set forth in the Settlement Agreement was fair, reasonable, adequate, and in the best interests of the Settlement Class, such hearing date being a due and appropriate number of days after such notice to the Settlement Class and the requisite number of days after such governmental notice;

NOW THEREFORE, having reviewed and considered the submissions presented with respect to the settlement set forth in the Settlement Agreement and the record in these proceedings, having heard and considered the evidence presented by the parties and the arguments of counsel, having determined that the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class, and noting that, as set forth in Paragraph 7.4 of the Settlement Agreement, the application of Settlement Class Co-Lead Counsel for an award of fees, costs and expenses is separate from the issue of whether final approval should be given to settlement set forth in the Settlement Agreement, and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. The Court incorporates by reference the definitions set forth in the Settlement Agreement. Without limiting the effect of that incorporation, the following terms used in this Judgment have the following meanings defined in the Settlement Agreement:

    a. The term "Claims" has the following meaning:

    Known claims and Unknown Claims, actions, allegations, demands, rights, liabilities, and causes of action of every nature and description whatsoever, whether contingent or non-contingent, and whether at law or equity.

Exhibit E

Exhibit F

b. The term "Released Claims" has the following meaning:

Any and all Claims, including those arising under state or federal law of the United States or under provincial or federal law of Canada or under the law of Puerto Rico (including, without limitation, any causes of action under Mass. Gen. Laws ch. 93A, Mass. Gen. Laws ch. 214, § 1B, the California Business & Professional Code § 17200 et seq., California Civil Code § 1798.80 – 84 et seq., California Civil Code § 1798.53, Tex. Bus. & Com. § 48.001 et seq., Georgia Code § 10-1-910 et seq., and any similar statutes in effect in any other states in the United States or in Puerto Rico; the Personal Information Protection Act, the Privacy Act, the Personal Information Protection and Electronic Documents Act, the Freedom of Information and Protection of Privacy Act, and any similar statutes in effect in Canada or the provinces of Canada; negligence; negligence per se; breach of contract; breach of fiduciary duty; breach of confidence; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; and bailment, and including, but not limited to, any and all claims in any state or federal court of the United States, or any provincial or federal court of Canada, or any court of or located in Puerto Rico, for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief, that either have been asserted or could have been asserted by any Settlement Class Member against any of the Released Persons or any of the Indemnified Persons (as defined below) based on, relating to, concerning or arising out of the allegations, facts, or circumstances alleged in the Litigation or any other allegations, facts or circumstances with respect to the Intrusion. Without limitation of the foregoing, Released Claims specifically include any Claim for alleged injury or loss stemming from the Intrusion as may have been or could have been asserted by any Settlement Class Member against any person or entity (such as, for example and without limitation, any entity that issued credit or debit cards to Settlement Class Members) (collectively, the "Indemnified Persons") that could seek indemnification or contribution from any of the Released Persons in respect of such Claim, except that Released Claims shall not include Claims by any individual Settlement Class Member against any card-issuing financial institution brought on an individual, case-by-case basis for reimbursement or waiver of purportedly fraudulent card charges (or other charges by the card-issuing financial institution in connection with purportedly fraudulent card charges) that such

-3-

card-issuing financial institution assertedly should have reimbursed or waived but has refused to reimburse or waive. Released Claims shall not include the right of any Settlement Class Member or any Released Person or any Indemnified Person to enforce the terms of the settlement contained in the Settlement Agreement. Further, for all Settlement Class Members who are not part of the Unreceipted Return Customers referenced in ¶ 2.1 of the Settlement Agreement, and who have given their social security number, whether by driver's license or any other means, to TJX, there shall be no waiver of any claim that they may have regarding identity theft from the Intrusion (other than credit/debit card charges) if brought within three years from the execution of this Settlement Agreement. Any such claim may be made only as an individual claim, as the right to a class action or relief on a class basis for any such claim is released and waived, and, in the event of the assertion of any such individual claim, the parties against whom the claim is asserted shall be deemed to have retained and shall have the right to assert any responsive claims, counterclaims and defenses relating thereto, as well as any cross-claims and third-party claims and defenses relating thereto, all notwithstanding the provisions of ¶ 6.2 and ¶ 6.3 of the Settlement Agreement.

c. The term "Unknown Claims" has the following meaning:

Any of the Released Claims that any Settlement Class Member, including any Representative Plaintiff, does not know or suspect to exist in his favor at the time of the release of the Released Persons which, if known by him or her, might have affected his or her settlement with and release of the Released Persons, or might have affected his or her decision not to object to and/or to participate in this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Representative Plaintiffs expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province or territory of the United States (including, without limitation, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), Puerto Rico or Canada, or principle of common law or international or foreign law, including Canadian and Puerto Rican law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

-4-

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Settlement Class Members, including the Representative Plaintiffs, and any of them, may hereafter discover facts in addition to or different from those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but the Representative Plaintiffs expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims. The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the settlement of which this release is a part. Notwithstanding the foregoing, the Settling Parties acknowledge and incorporate here as if fully set forth here the last two sentences of "Released Claims" above.

d. The term "Released Persons" has the following meaning:

TJX and its Related Parties, Fifth Third and its Related Parties, and the Released Acquiring Banks and their respective Related Parties.

e. The term "Related Parties" has the following meaning:

An entity's past or present directors, officers, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, parents, subsidiaries, divisions and related or affiliated entities, and includes, without limitation, any Person related to such entity who is, was or could have been named as a defendant in any of the United States, Puerto Rico or Canadian actions in the Litigation.

f. The term "Released Acquiring Banks" has the following meaning:

Chase Merchant Services LLC; The Chase Manhattan Bank; Chase Paymentech Solutions; Paymentech Canada; Banco Popular de Puerto Rico; First Data Loan Company, Canada; and Laurentian Bank of Canada (assignee of Toronto-Dominion Bank).

g. "United States" as used in this Judgment includes the District of Columbia.

-5-

2. The Court has subject matter jurisdiction over this matter and all claims asserted against TJX and Fifth Third.

3. The form, content, and method of dissemination of notice provided to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Fed. R. Civ. P. 23 and due process.

4. Pursuant to Fed. R. Civ. P. 23 and the Court's Preliminary Approval Order, for the purposes of settling Released Claims against Released Persons in accordance with the Settlement Agreement, the following Persons are members of the Settlement Class:

> All Persons in the United States (including the District of Columbia), Puerto Rico or Canada who shopped at TJX Stores in the United States, Puerto Rico or Canada, made a purchase or return, have had or allege having had personal or financial data stolen or placed at risk of being stolen from TJX's computer systems, and who were or may be damaged thereby or who allege damage therefrom.

5. Excluded from the Settlement Class are TJX, Fifth Third, and their respective officers and directors. Also, excluded from the Settlement Class are those Persons identified in Exhibit A hereto who submitted timely and valid requests for exclusion from the Settlement Class ("Opt-Outs"). Opt-Outs shall neither share in the distribution of the Settlement Fund nor receive any benefits of the terms of the Settlement Agreement, and shall not be bound by this Judgment.

6. Representative Plaintiffs and Settlement Class Co-Lead Counsel fairly and adequately represented the interests of Settlement Class Members in connection with the settlement set forth in the Settlement Agreement.

-6-

7. All objections to the settlement set forth in the Settlement Agreement having been considered and having been found either to be mooted by the settlement or not supported by credible evidence, the settlement set forth in the Settlement Agreement is in all respects, fair, adequate, reasonable, proper, and in the bests of the Settlement Class, and is hereby approved.

8. Representative Plaintiffs, TJX, Fifth Third and Settlement Class Members shall consummate the settlement according to the terms of the Settlement Agreement. The Settlement Agreement, and each and every term and provision thereof, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

9. The Amended Consolidated Complaint and all claims alleged in the Litigation are hereby dismissed with prejudice, each party to bear its own costs, except as may be expressly provided in the Settlement Agreement.

10. Each Released Claim of each Settlement Class Member is hereby extinguished as against the Released Persons. Representative Plaintiffs and each Settlement Class Member shall be deemed conclusively to have compromised, settled, discharged, and released the Released Claims against the Released Persons upon the terms and conditions provided in the Settlement Agreement.

11. Settlement Class Members shall be and hereby are permanently barred and enjoined from, either directly, indirectly, representatively, as a member of or on behalf of the general public, or in any capacity, commencing, prosecuting, or participating in any recovery in, any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims against the Released Persons is asserted.

12. The Released Persons shall be deemed conclusively to have fully, finally, and forever released, relinquished, and discharged the Representative Plaintiffs, the Settlement Class

Members, Settlement Class Co-Lead Counsel, and all other Plaintiffs' Counsel who have consented to and joined in the settlement, from all claims based upon or arising out of the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims, except as set forth in the Settlement Agreement.

13. Neither this Judgment, the Settlement Agreement, the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Any of the Released Persons may file the Settlement Agreement and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. ~~The Court has reviewed the attorneys' fees, costs and expenses petition filed by Settlement Class Co-Lead Counsel on behalf of all Plaintiffs' Counsel and awards attorneys' fees in the amount of $_____, and costs and expenses in the amount of $_____.~~ *Reserved. WAY* All fee, cost, and expense payments by TJX shall be made to Settlement Class Co-Lead Counsel. The Court recognizes that Messrs. Barnow and Levy and Ms. Savett are most familiar with the participation and contributions of Plaintiffs' Counsel in this litigation, and, accordingly hereby orders and provides that they shall be and are hereby authorized to allocate and distribute said funds

-8-

amongst Plaintiffs' Counsel in their sole discretion to be reasonably applied. Any dispute concerning said allocations shall be under the jurisdiction of this Court.

15. The parties have stipulated and the Court has determined that the Court's decision to grant final approval of the settlement set forth in the Settlement Agreement is separate from the issues raised by Settlement Class Co-Lead Counsel's petition for fees, costs, and expenses.

16. Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over the Settling Parties and the Settlement Class for the administration, consummation, and enforcement of the terms of the Settlement Agreement.

17. In the event the Effective Date does not occur, this Judgment shall be rendered null and void and shall be vacated and, in such event, as provided in the Settlement Agreement, this Judgment and all orders entered in connection herewith shall be vacated and null and void.

SO ORDERED.

*[signature]*
Honorable William G. Young
United States District Court Judge

Dated: *Sept 2, 2008*

*The storewide sale — while of course permissible at the option of TJX — shall not be, nor be represented to be, an aspect of the settlement.*

*[initials]*

-9-